**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

# NOTICE OF CORRECTION

From:    Clerk's Office

Case Style:  Smith et al v. Big 10 Tires, Inc.

Case Number:   2:06-cv-00918-ID

Referenced Pleading:   Complaint - doc. 1

**This Notice of Correction was filed in the referenced case this date to correct the PDF documents attached to this notice.  Please see the correct PDF documents to this notice.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 OCT 11  A 10: 18

TERRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| LINARES "LEE" SMITH and FREDERICK SMITH, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) CIVIL ACTION NUMBER: ) ~~CV-2006-~~ 2:06cv918-ID ) JURY DEMAND ) |
| BIG 10 TIRES, INC., | ) ) |
| Defendant. | ) |

# **COMPLAINT**

I.  **JURISDICTION**

    1.    This suit is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e and 42 U.S.C. §1981. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e and 42 U.S.C. §1981 providing for injunctive and other relief against race discrimination and retaliation

1

       in employment. This suit also asserts state law claims of outrage, negligent/wanton retention, negligent/wanton supervision and negligent/wanton training under Alabama law.

2. The court has jurisdiction of the subject of this action pursuant to 28 U.S.C. §§1331, 1343(a)(4), 2201 and 2202. Jurisdiction over plaintiffs' claims based on Alabama law exist under the doctrine of supplemental jurisdiction, 28 U.S.C. §1367.

3. The plaintiffs timely filed their charges of race discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC) within 180 days after the last discriminatory treatment. The plaintiffs further filed their race discrimination and retaliation suit within 90 days after receipt of their right-to-sue letters issued from the EEOC.

## II. PARTIES

4. Plaintiff, Linares "Lee" Smith (hereinafter "L. Smith"), is a African-American citizen of the United States and a resident of the State of Alabama. L. Smith is employed by the defendant at its Montgomery, Alabama location.

5. Plaintiff, Frederick Smith (hereinafter "F. Smith"), is a African-American citizen of the United States and a resident of the State of Alabama. F.

Smith was employed by the defendant at its Montgomery, Alabama location.

6. Defendant, Big 10 Tires, Inc. (hereinafter "Big 10 Tires"), is an entity subject to suit under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e and 42 U.S.C. §1981. Defendant is licensed to and, in fact, does conduct business in the State of Alabama.

### III. STATEMENT OF FACTS

7. The plaintiffs re-allege and incorporate by reference paragraphs 1-6 with the same force and effect as if fully set out in specific detail hereinbelow.

8. L. Smith was employed by Big 10 Tires in approximately March of 2003. L. Smith worked briefly at the Atlanta Highway location in Montgomery, Alabama but then moved to the Zelda Road, Montgomery, Alabama location. L. Smith has held and continues to hold the position of Tire Tech.

9. F. Smith was employed by Big 10 Tires from approximately August 2002 to August 2004 and again, October 2003 to May 2005. F. Smith worked at the Zelda Road, Montgomery, Alabama location and also held the position of Tire Tech.

10. The plaintiffs contend that they were discriminated on the basis of their race in regard to pay, pay raises, promotions and were subjected to a racially hostile work environment.

11. The harassment in which they were subjected included racial slurs, racially derogatory comments, and racial jokes by co-workers and supervisors. In addition, the harassment included disparate treatment in job assignments, pay, and other terms and conditions of employment.

12. The comments were made by supervisors and co-workers. The comments were made with the knowledge of and on many occasions in the presence of management. The plaintiffs complained about these comments and the harassing treatment to supervisors but no corrective action was taken.

13. Both plaintiffs sought and were interested in promotions, including movement to the positions of Shop/Service Tech and Assistant Manager. Big 10 does not post vacancies but instead fill all vacancies through a "word of mouth" system. Both plaintiffs inquired and expressed interest these positions. Each of the vacant positions went to white individuals whom were not as qualified as plaintiffs.

14. The plaintiffs also assert that white employees were paid more than they

were and that white employees received pay raises which the plaintiffs did not.

15. The plaintiffs and other employees have complained to the defendant regarding the racially hostile work environment and discrimination; however, no corrective action has been taken.

16. The defendant has no legitimate, non-discriminatory reason for its treatment of the plaintiffs.

17. Defendant has a pattern and practice of discriminatory treatment.

18. Plaintiffs have suffered severe emotional distress, embarrassment and humiliation.

19. Defendant's actions were willful, with malice and with reckless disregard for plaintiffs' rights.

IV. **CAUSES OF ACTION**

    A. **COUNT ONE: RACE DISCRIMINATION - HOSTILE ENVIRONMENT**

20. The plaintiffs re-allege and incorporate by reference paragraphs 1-19 with the same force and effect as if fully set out in specific detail hereinbelow.

21. During plaintiffs' employment, they have been forced to work under discriminatory terms and conditions of employment which include being

subjected to a racially hostile work environment.

22. The harassment which the plaintiffs have been subjected was unwelcomed, based on race, and was severe and pervasive so that it affected the terms and conditions of plaintiffs' employment. Such harassment was continuing in nature and defendant is liable for such harassment.

23. The plaintiffs, along with other employees, complained to management about the race discrimination and harassment. However, defendant failed to take prompt and adequate action.

24. Because of such conduct, plaintiffs have suffered severe emotional distress, embarrassment and humiliation.

25. The defendant's actions were wilful, with malice and with reckless disregard for plaintiffs' rights.

26. The plaintiffs seek to redress the wrongs alleged herein and this suit for injunctive and declaratory judgment is his only means of securing adequate relief. The plaintiffs are now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

B. **COUNT TWO: RACE DISCRIMINATION - PAY RAISES**

27. The plaintiffs re-allege and incorporate by reference paragraphs 1-26 with the same force and effect as if fully set out in specific detail hereinbelow.

28. The plaintiffs have been discriminated against in regards to pay and pay raises.

29. The plaintiffs have received less pay than similarly situated white employees.

30. Defendant has no legitimate non-discriminatory reasons for its conduct.

31. Because of such conduct, plaintiffs have suffered severe emotional distress, embarrassment and humiliation.

32. The defendant's actions were wilful, with malice and with reckless disregard for plaintiffs' rights.

33. The plaintiffs seek to redress the wrongs alleged herein and this suit for injunctive and declaratory judgment are their only means of securing adequate relief. The plaintiffs are now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## C. COUNT THREE: RACE DISCRIMINATION IN PROMOTIONS

34. The plaintiffs re-allege and incorporate by reference paragraphs 1-33 with the same force and effect as if fully set out in specific detail hereinbelow.

35. The plaintiffs have been denied promotions. The plaintiffs were interested and qualified for positions, yet the opportunities were given to less qualified white individuals.

36. Defendant has no legitimate non-discriminatory reasons for its conduct.

37. Because of such conduct, plaintiffs have suffered severe emotional distress, embarrassment and humiliation.

38. The defendant's actions were wilful, with malice and with reckless disregard for plaintiffs' rights.

39. The plaintiffs seek to redress the wrongs alleged herein and this suit for injunctive and declaratory judgment are their only means of securing adequate relief. The plaintiffs are now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## D. CLAIM FOUR - OUTRAGE

40. The plaintiffs adopt and re-allege Paragraphs 1-39 above as if fully set

forth in full herein.

41. This claim is brought against defendant for its knowing ratification of the actions of the plaintiffs' supervisors and co-workers.

42. The defendant outrageously and intentionally inflicted emotional distress upon the plaintiffs by subjecting them to racially profane, insensitive, derogatory, threatening, and unprofessional language and conduct and by subjecting them to retaliatory treatment because of their complaints.

43. The defendant outrageously and intentionally inflicted emotional distress upon the plaintiffs by subjecting them to racially hostile comments, graffiti, symbols, regalia, threats, conduct, and retaliation.

44. Defendant has caused the plaintiffs severe emotional distress by its ratification and refusal to take adequate, corrective action once notified of the harassing and discriminatory conduct.

45. Defendant ratified the conduct of the individual supervisors and co-employees in that it had actual knowledge of said supervisors' and employees' conduct or knew or should have known of such conduct, and failed to take adequate steps to remedy the situation.

46. Because of such conduct, the plaintiff suffered severe emotional distress, embarrassment and humiliation.

47. Defendant acted with malice and/or reckless indifference toward the plaintiffs' rights. Defendant's conduct was willful and/or wanton and/or grossly negligent.

### E. CLAIM FIVE: NEGLIGENT/WANTON RETENTION

48. Plaintiffs adopt and re-allege Paragraphs 1-47 above as if fully set forth in full herein.

49. The defendant was negligent and/or wanton in its retention of supervisors and employees after employees reported the aforementioned conduct. By its action, the defendant ratified and/or condoned the supervisors' and employees' treatment of the plaintiffs and African-American employees.

50. The defendant had actual knowledge of the individual supervisors' and employees' conduct, or knew or should have known that such conduct, and failed to take adequate steps to remedy the situation.

51. The defendant retained supervisors and employees after it had knowledge of the individuals' harassing and retaliatory conduct.

52. The defendant's failure to adequately remedy the situation caused the plaintiffs to suffer severe emotional distress, embarrassment and humiliation.

53. Defendant acted with malice and/or reckless indifference toward the plaintiffs' rights. Defendant's conduct was willful and/or wanton and/or grossly negligent.

### F. CLAIM SIX: NEGLIGENT/WANTON SUPERVISION

54. The plaintiffs adopt and re-allege Paragraphs 1-53 above as if fully set forth in full herein.

55. The defendant was negligent and/or wanton in its supervision of supervisors and employees after employees reported the aforementioned conduct. By its action, the defendant ratified and/or condoned the supervisors' and employees' conduct towards the plaintiffs.

56. The defendant had actual knowledge of the individual supervisors' and employees' conduct or knew or should have known of such conduct, and failed to take adequate steps to prevent and remedy the situation.

57. The defendant's failure to adequately prevent and remedy the situation caused the plaintiff to suffer severe emotional distress, embarrassment and humiliation.

58. Defendant acted with malice and/or reckless indifference toward the plaintiffs' rights.

59. Defendant's conduct was willful and/or wanton and/or grossly negligent.

### G. CLAIM SEVEN: NEGLIGENT/WANTON TRAINING

60. The plaintiffs adopt and re-allege Paragraphs 1-59 above as if fully set forth in full herein.

61. The defendant was negligent and/or wanton in its training of supervisors and employees after employees reported the aforementioned conduct. By its action, the defendant ratified and/or condoned the supervisors' and employees' conduct towards the plaintiffs.

62. The defendant had actual knowledge of the individual supervisors' and employees' conduct or knew or should have known of such conduct, and failed to take adequate steps to prevent and remedy the situation.

63. The defendant's failure to adequately prevent and remedy the situation caused the plaintiff to suffer severe emotional distress, embarrassment and humiliation.

64. Defendant acted with malice and/or reckless indifference toward the plaintiffs' rights.

65. Defendant's conduct was willful and/or wanton and/or grossly negligent.

## V. PRAYER FOR RELIEF

WHEREFORE, the plaintiffs respectfully pray that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the plaintiffs as secured by Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e and 42 U.S.C. §1981.

2. Grant plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e and 42 U.S.C. §1981.

3. Enter an order requiring the defendant to make the plaintiffs whole by awarding each instatement to positions in which they were discriminatorily denied, back-pay (plus interest), benefits, pay raises, front-pay, compensatory damages, punitive damages, and/or nominal damages, and declaratory and injunctive relief.

4. The plaintiffs further pray for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted,

_____
Rocco Calamusa, Jr.
Benjamin J. De Gweck
Counsel for the Plaintiff

OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

_____
Rocco Calamusa, Jr.
Benjamin J. De Gweck

DEFENDANT'S ADDRESS:

Big 10 Tires, Inc.
c/o William C. Tidwell, III
Hand Arendall, LLC
3000 AmSouth Bank Building
107 Saint Francis Street
Mobile, Alabama 36602

14